## HENRY HALLENBECK
### vs.
## COOLEY CHEVROLET CO., ET AL.
(Compensation Appeal)

Superior Court      New Haven County      File #50553

Present: Hon. NEWELL JENNINGS, Judge.

Harold C. Donegan,          Attorney for the Plaintiff.

O'Keefe & French,          Attorneys for the Defendants.

## MEMORANDUM FILED DECEMBER 31, 1936.

JENNINGS, J. The Appellants have appealed from a decision of the Compensation Commissioner awarding compensation to the Appellee. Appellants concede that the find ing supports the award and rely on their motion to correct the finding. This motion is based on the ultimate claim that there was no evidence in the record to connect the injury with the accident. The only case cited was **Bates vs. Carroll, 99 Conn. 677.**

That case and the case at bar are alike in that a blow resulted in immediate pain to a definite location which continued down to the time of the operation at that spot. Where this is the situation, the man on the street very reasonably infers that the blow made the operation necessary. Under the rule in **Bates vs. Carroll,** however, some medical testimony is required to show the connection between the blow and the injury. There was none in the case cited and compensation was refused. There was little in the case at bar but very little evidence is required to support a conclusion as reasonable and natural as the one under discussion. Dr. Appell testified (Record page 41) as follows:

Q. And what, doctor, was the diagnosis of Mr. Hallenbeck's case?

A. Beg pardon?

Q. The entire diagnosis?

A. Primarily of tear in the mesentery.

Q. And in your opinion, doctor, could that have resulted from the history as outlined to you?

A. Yes.

The only reason given in evidence for ascribing the cause of the tear in the mesentery to anything other than trauma is to be found in the testimony of Dr. Comstock. He said that in operating for appendicitis these tears sometimes occur. This conclusion was negatived by the testimony of the operating surgeons to the effect that on opening the abdomen a bloody fluid was found and that this was traced to the

tear in the mesentery.

On the whole evidence I find the conclusion of the Commissioner supported by adequate evidence. Paragraphs 1, 2, 3, and 4 of the motion to correct are denied.

Paragraph 4A of the motion shows careful study of the transcript but adds nothing essential to the picture. It is denied.

While this action is sufficient to cause a dismissal of the appeal, to complete the record the additional paragraphs of the motion should be passed on. In them the appellants are attempting to incorporate into the record the undoubted fact that the original hospital records have been altered. Why the substance of these motions should not have been incorporated in the finding does not appear since the commissioner filed no memorandum with his decision on the motion to correct. It may have been because they were unnecessary to the decision. It may have been because the only fellow workman who testified against the claimant also testified that the insurance investigator told him that if the insurance company lost the case, he (Frank Blount) would lose his job.

The finding is corrected by adding thereto the following paragraphs of the motion: 7 A, B, C, D, F, G, J, K. The other paragraphs are not so far admitted or undisputed as to justify their inclusion.

The straightforward explanation of Dr. Lear that his original post-operative diagnosis was a mistake and that he later corrected it to accord with the facts carries conviction and is corroborated by other uncontroverted evidence, such as the laboratory examination showing a normal appendix. The disappearance of the original record without explanation was undoubtedly a just ground for suspicion on the part of the insurance company.

The appeal is dismissed.